# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3012SD

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota |
| | * | |
| David Earl Antelope, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2000
Filed: April 14, 2000

_____

Before RICHARD S. ARNOLD and BEAM, Circuit Judges, and CONMY,[1] District
Judge.

_____

PER CURIAM

The defendant pled guilty to aggravated sexual abuse. 18 U.S.C. §§ 1153,
224(a)(1) & 2246(2)(A). The plea agreement contemplated the sentencing computation
as set out in the Pre-Sentence Report (PSR), namely an adjusted offense level of 32 and
a criminal history category of V producing a Guideline imprisonment range of 188 to

_____

[1]The Honorable Patrick A. Conmy, Senior United States District Judge for the
District of North Dakota, sitting by designation.

235 months. The District Court,[2] departed upward to a criminal history category VI and sentenced at the top end of the resulting 210 to 262 month range. The defendant appeals and we affirm.

On September 9, 1998, the defendant entered the home of a 71 year old woman living in McLaughlin South Dakota and forcibly raped her. The victim was unable to prevent the assault and ultimately escaped fleeing naked from the waist down to a neighbors home. The defendant was quickly arrested and found to have a blood alcohol content of 0.155. In addition to a knee injury requiring surgical repair, the stress created by the incident has forced the victim to sell her home and move away from the community where she had lived for 51 years and where her husband of 37 years is buried.

The defendant appeals, raising two issues. The first is that the District Court provided only one day advance notice of the possibility of an upward departure, depriving the defendant of an opportunity to more fully prepare for a possible countering of the evidence to be relied upon by the sentencing judge. The second issue raised is a challenge to the upward departure itself.

The PSR noted two factors which might justify or warrant an upward departure. These were a prior conviction and sentence for rape and a criminal history category that did not adequately reflect the defendant's criminal past. The sentencing judge, one day before the sentencing hearing, notified counsel of a possible departure based on these two factors and a third, that being a finding of extreme psychological injury to the victim.

---

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

The upward departure was a one level adjustment in the criminal history category. This was based on the defendant's 21 tribal court convictions for which no points were assessed in the criminal history computation, pursuant to U.S.S.G. § 4A1.3, and a prior conviction for forcible rape, pursuant to U.S.S.G. § 2A3.1, commentary (n.6). These factors provide a valid basis for the upward departure and, as counsel admitted during argument, were not facts capable of challenge with any period of advance notice. We treat the third stated reason, that of extreme psychological injury to the victim as a statement of a reason by the court for its exercise of discretion in selecting a sentence at the top of the available sentencing range.

United States v. McCarthy, 97 F.3d 1562, 1580 (8th Cir. 1996) indicates that a one day notice of intent to depart could be considered as reasonable notice. In that case, as here, no objection was raised at time of sentencing and no prejudice could be shown to have resulted from the timing of the notice. The facts used to find a basis for departure in this case were set out in the PSR and were not challenged by the defendant. Reliance by the sentencing court on matters not reflected in the PSR, or found by the court to vary from the recitations of the report may well require greater advance notice in order to provide the parties with an opportunity to verify or disprove the validity of the court generated dispute.

We find the notice sufficient and the upward departure a valid exercise of discretion by the District Court.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.